**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,    )
    )
    Plaintiff,    )
    )
    v.    )    I.D. No. 1103022081
    )
MICHAEL T. FIELDS,    )
    )
    Defendant.    )

**ORDER**

This 30th day of June 2025, upon consideration of Michael Fields' "Motion for Correction of an Illegal Sentence," it appears to the Court that:

1. On March 27, 2012, Fields pled guilty to one count of Manslaughter. D.I. 38.[1] After a pre-sentence investigation, a Superior Court judge sentenced him to 25 years of incarceration, suspended after 21 years, for 2 years of probation. D.I. 46. Fields did not appeal.

2. Manslaughter, a Class B felony,[2] carries a sentence of "not less than 2 years up to 25 years to be served at Level V."[3] The Delaware sentencing guidelines recommend a presumptive sentence between 2 and 5 years at Level V.[4]

3. On September 17, 2012, Fields filed a motion for modification of his

---

[1] "D.I. _" refers to docket items in Case No. 1103022081.

[2] 11 Del. C. § 632.

[3] 11 *Del. C.* § 4205(b)(2).

[4] 2024 SENTAC Benchbook, p. 41.

sentence (D.I. 48), which this Court denied on November 13, 2012. D.I. 51. Fields did not appeal.

4. Fields filed a motion for postconviction relief on June 24, 2013 (D.I. 54), which this Court denied on February 10, 2014. D.I. 63. Fields did not appeal.

5. On April 21, 2025, Fields filed a "Motion for Correction of an Illegal Sentence" in which he contends that his sentence was illegal and must be corrected under Rule 35(a). D.I. 66. On May 5, 2025, Fields filed a "Motion to Amend Rule 35(a) Motion" in which he argues that the Superior Court "exceed[ed] the statutory maximum allowed" when it sentenced him to 21 years. D.I. 67. Finally, on June 16, 2025, Fields filed a "Motion for Correction of an Illegal Sentence" in which he argues that the Superior Court based his sentence "on facts not found by the jury's guilty verdict or the defendant's guilty plea" in violation of *Erlinger v. United States* and its predecessors.[5] The Court now addresses the substance of Fields' three pending motions.

6. Under Superior Court Criminal Rule 35(a), this Court may correct an illegal sentence "at any time."[6] A sentence is illegal if it:

> Exceeds the statutorily authorized limits or violates the Double Jeopardy Clause, … is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term

[5] D.I. 68 at 4 (citing *Erlinger v. United States*, 602 U.S. 821 (2024); *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

[6] Super. Ct. Crim. R. 35(a).

required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.[7]

7.     This Court will generally not disrupt a sentence imposed within the statutory range.[8]     Fields contends the Delaware Sentencing Accountability Commission ("SENTAC") guidelines carry the force of law or, in other words, define a statutory minimum or maximum sentence.  Not so.  "[A] sentence is not illegal simply because it exceeds the SENTAC guidelines."[9]  The Delaware Supreme Court has consistently explained that SENTAC guidelines are "voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."[10]  The Superior Court's "failure to follow the nonbinding SENTAC sentencing guidelines, or to state its reasons for not following the

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (cleaned up).

[8] *State v. Fletcher*, 2025 WL 1706892, at *1 (Del. Super. Ct. June 18, 2025); *State v. Wallace*, 2025 WL 1695873, at *2 (Del. Super. Ct. June 17, 2025); *State v. Henry*, 2025 WL 1305706, at *1 (Del. Super. Ct. May 6, 2025); *State v. Henderson*, 2025 WL 1305853, at *1 (Del. Super. Ct. May 6, 2025).

[9] *Wallace v. State*, 2024 WL 3874151, at *5 (Del. Aug. 20, 2024) (citing *Smith v. State*, 2022 WL 17087056, at *2 (Del. Nov. 18, 2022); *Richmond v. State*, 2022 WL 2276282, at *2 (Del. June 22, 2022)).

[10] *Wallace*, 2024 WL 3874151, at *5; *White v. State*, 243 A.3d 381, 410 (Del. 2020); *Benge v. State*, 2004 WL 2743431, at *1-2 (Del. Nov. 12, 2004); *Siple v. State*, 701 A.2d 79, 82 (Del. 1997); *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

guidelines, is simply no basis for appeal."[11]

8.    Fields has joined the chorus of sentenced inmates proclaiming *Erlinger* mandates relief. The Delaware Supreme Court has found that "neither *Apprendi* nor *Blakely* impact" a judge's decision to depart from the guidelines given SENTAC's "voluntary and nonbinding nature."[12] And, *Erlinger* "held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions for sentencing enhancements" to apply.[13] Where, as here, a sentence is not statutorily enhanced by prior criminal convictions, *Erlinger* does not apply.[14] A trial court "is authorized to exceed the SENTAC guidelines without making an factual findings beyond those reflected in the jury's verdict."[15] Fields' sentence is squarely within the statutory bounds.[16]

---

[11] *Wallace*, 2024 WL 3874151, at *5 (internal citations omitted). "It is well established that appellate review of a criminal sentence is limited in Delaware, with few exceptions, to a determination that the sentence is within the statutory limits." *Riego v. State,* 2005 WL 2465819, at *1 (Del. Oct. 4, 2005) (internal citations omitted).

[12] *Shabazz v. State*, 2005 WL 1413234, at *1 (Del. June 14, 2005).

[13] *Phillips v. State*, 2025 WL 1693652, at *2 (Del. June 16, 2025).

[14] *Id.  See also*, *Jackson v. State*, 2025 WL 227682, at *2 (Del. Jan. 16, 2025) ("Because [defendant's] sentence was not based on more than one predicate offense, [defendant] has not established a reversible error under *Erlinger*.").

[15] *Benge*, 2004 WL 2743431, at *2.

[16] 11 *Del. C.* § 4205(b)(2). The United States Supreme Court, in *Blakely*, noted that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely,* 542 U.S. at 296.

9. *Erlinger* applied the principles announced in *Apprendi* and *Blakely* to recidivist enhancements and concluded that "'[a] fact that increases' a defendant's exposure to punishment, whether by triggering a higher maximum *or* minimum sentence, must 'be submitted to a jury' and found unanimously and beyond a reasonable doubt."[17] "*Erlinger* cannot be read to require the Court to submit aggravating (or mitigating) circumstances to a jury when such circumstances would not alter the statutory range of penalties."[18]

10. Fields sentence falls squarely within the statutorily authorized range for manslaughter. The sentencing court did not engage in factfinding that enhanced the statutory range within which Fields was sentenced. *Erlinger* and its predecessors have no place here. Fields' sentence was authorized by his judgment of conviction and is legal.

Fields' motions are **DENIED**.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

---

[17] *Erlinger*, 602 U.S. at 833.

[18] *State v. Shelley*, 2025 WL 1664001, at \*2 (Del. Super. Ct. June 12, 2025).